### FIERO v. FIERO.

*Gift causa mortis — of bank deposit — what constitutes — delivery.*

A woman who had money on deposit in the savings bank, during her last sickness, told a girl who lived with her, and had the custody of her bank book to get the book, which being done, said, "take that and keep it, and lock it up." The girl retained the book. *Held,* not sufficient to establish a gift *causa mortis* as (1) the evidence was not enough to show such intention, and (2) the transaction did not constitute a delivery.

APPEAL by defendant from a judgment in favor of plaintiff, in an action tried by the court without a jury. The action was brought in Ulster county by Jesse Fiero, administrator, etc., of Sarah C. Turpin, deceased, against Eliza Jane Fiero, to recover the possession of a savings bank book and other personal property, belonging to the deceased. The defendant claimed to own the book by virtue of a gift of the same to her by the deceased in her last illness. The other material facts fully appear in the opinion of LEARNED, J.

*William P. Fiero*, for appellant.

*J. Newton Fiero*, for respondent.

BY THE COURT. The opinion of the learned judge before whom this action was tried satisfactorily disposes of all the questions which arise in the case, except such as relate to the admission of evidence or the exclusion thereof. As to these it is not apparent that any error was committed upon the trial which in any way affects the conclusion at which the judge arrived.

The judgment must, therefore, be affirmed with costs.

[The following is the opinion above referred to:]

LEARNED, J. It is worth noticing that the civil law from which comes the doctrine of *donatio mortis causa* required the same number of witnesses to this gift which is required to a will and to certain transfers of property; that is, five. Our law has unfortunately dropped that protection against fraud or mistake. While it requires two witnesses to a will, it leaves this gift to any sufficient proof.

The property other than the bank book must be held to be the property of the defendant. As to some there is sufficient evidence that it was given to her, and the rest was in her possession and use. The principal question is as to the bank book.

I assume that a savings bank book may be the subject of a *donatio mortis causa*. Two questions arise: First. As to the intention of the deceased. Second: As to delivery. *First:* As to intention. The proof of the intention of the deceased to give the property ought to be beyond doubt. The only witness as to the alleged gift is Rachel Cutler. She testifies: " I stood at the foot of the bed and she called her and asked her if she knew where the bank book

was, and she said she had it; she said she wanted her to have it; she got it and asked her if that was what she meant, and she said it was, and she wanted her to keep it; she said she wanted her to have it; she looked at me and said, 'now you have got witness, Rachel Cutler.' "

The same witness previously narrated the interview before the appraisers, at the request of defendant. There she is testified to have described the transaction as follows: " Mrs. Turpin asked Eliza Jane if that was Miss Cutler, and she said it was; she then told Eliza Jane to go and get her book, and Eliza Jane brought down the bank book; Mrs. Turpin asked her if that was her book, and she said it was; she said, ' Take that and keep it, and lock it up.' " And the witness added something about the expression used by deceased substantially: " Here's a witness."

This narration of the interview was made not long after the death of the deceased, while the appraisers were making their inventory, and it was made for the purpose of supporting defendant's claim to this property. Four witnesses testify to it substantially in the same way, and one made a memorandum at the time. There is not more variation in these two accounts than is to be expected where a transaction has been dwelt upon and thought over for some time by a witness; and I do not doubt that this witness intended to be accurate in testifying. But I am satisfied that the narration which she gave at first is the more correct.

Now, in the earlier account it will be seen that, excepting the remark about a witness, there is nothing expressing a gift; especially when we consider that the defendant was living in the house with deceased, and was the custodian of the bank book and of the pocket book of deceased, and was the general manager of the household.

The defendant testified herself that she had deposited and drawn money on this bank book at different times, for the last year ; that she had it in her possession ; that she would get it and carry it to the deceased who would look at it ; that the defendant would put it away ; that deceased did not know where she put it. She also testified that the deceased during her sickness frequently asked her to bring her her pocket-book, and told her to take it and keep it and use the money. Such directions were not, and were not intended to be, gifts.

The conversation at which Rachael Cutler was present, was of

the same kind. The deceased desired the defendant to bring her bank-book, and when it had been brought she directed her to take it and keep it and lock it up. I do not see the deliberate intention to make a gift which must exist to support the defendant's claim.

The words about "a witness" undoubtedly give a plausibility to the position of defendant. But they do not satisfy me of the intention of the deceased.

The visit of Miss Cutler was accidental. The deceased said nothing to her for ten or fifteen minutes, and it was only as she was going out that the conversation took place. The deceased was feeble at the time. It was two weeks before her death, which happened March 1st. Her physician described her as in great suffering on the 14th of February. At times during her sickness she was delirious.

I do not think it is necessary to go over the evidence upon this, which is a question of fact. The whole testimony and the appearance of all the witnesses must be considered, and I am of opinion that the evidence does not show an intention in the deceased to give this bank book to the defendant *mortis causa*. *Second.* There was no delivery. The defendant, prior to this transaction, had been as much in possession of the bank book as she was afterward. She had been the custodian. She had kept it where she chose, and the deceased did not know where. She took care of it as of the pocket-book for the deceased.

At the time of the transaction, at the request of the deceased, defendant brought it from the book case, where she had kept it. The deceased did not take it, but told the defendant to take it and lock it up. Defendant took it back and put it in the same place.

In the case of *Champney* v. *Blanchard*, 39 N. Y. 111, relied on by the defendant, the deceased had certain moneys, which were in the possession of the alleged donee, held by her as a deposit, for which the donee had given the deceased a receipt. This receipt was in the possession of the deceased. On the day of her death, and in the morning of that day, she gave this receipt to the donee, saying that she gave it to her, mentioning the amount, and also saying that she gave her that amount. The court said that as the money which was given was in the donee's possession, no further delivery was necessary; that a delivery of the memorandum, with a clear declaration of the donor that she gave the moneys, was enough.

Now the present case is different in this respect: the defendant

NOVEMBER TERM, 1874. 155

was not in possession of the moneys in dispute. They were, and are, in the savings bank. She had not even the legal possession of the bank book; she was only its custodian for the deceased. The bank book was in the house of the deceased; and at the time of the alleged gift the deceased did no act whatever by the way of delivering even the bank book.

In the case of *Champney* v. *Blanchard, supra,* the deceased had, and the donee had not, the possession of the receipt evidencing the holding of the moneys, and the deceased actually delivered that to the donee. In the present case, the legal possession was probably in the deceased before the transaction, and no change was made. The donee put the book back in the same place, and she says that, " Our things were together all over."

The object of requiring delivery is in part at least to make the fact of a gift plain and unquestionable. It will not answer to permit such a gift to be sustained by mere words, which may be misunderstood or misconstrued. There must be an act of delivery.

On these grounds my conclusion is, that the plaintiff is entitled to recover the bank book, but not the other property.

*Judgment affirmed.*